UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD ) <br> OF TEAMSTERS LOCAL UNION ) <br> NO. 618, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HENKEL CONSUMER PRODUCTS, ) <br> ) <br> Defendant. ) | Case No. 4:18-cv-00185-SNLJ |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' respective motions for summary judgment. Both motions involve an underlying arbitration award. Plaintiff seeks to vacate the arbitration award; whereas, defendant—as counterclaimant—seeks to confirm it. As authority, they cite Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 185, *et seq.* and the standards of review under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*

## I. BACKGROUND

On January 31, 2017, Mitch Wright—a member of plaintiff and employee of defendant—was suspended for five days without pay and administered a "first written warning" under defendant's "plant rules" for disruptive conduct at a workplace meeting. Wright filed a grievance challenging the disciplinary actions taken by defendant, which ultimately resulted in an arbitration hearing taking place on August 22, 2017. The issue presented to the arbitrator, as explained in the arbitration award, was "whether the

1

[defendant's] decision to suspend [Wright] for violating [defendant's] Plant Rule III-S, was for proper cause, and, if not, what shall be (sic) the remedy be?" On November 10, 2017, the arbitrator issued a decision both sustaining and denying the grievance in part. In partially granting the grievance, the arbitrator found defendant did not have proper cause to suspend Wright without pay and directed defendant to pay Wright five days' worth of backpay. In partially denying the grievance, the arbitrator also found the paid suspension should "follow the normal course of such warnings in the collective bargaining agreement and/or rules and that it will be placed in [Wright's] file accordingly effective for one (1) year (12 months) forward on the day he receives his backpay."

The parties' dispute revolves around the arbitrator's decision to uphold the "first written warning" for a period of one year following the arbitration hearing. Plant Rules state that "warning notices are cumulative, regardless of the nature of the violation, starting with the first written warning notice" and indicate that cumulative warnings in a twelve-month period can result in discharge of employment. Plant Rules also state that "warning notices will remain in effect for twelve months." It is plaintiff's contention the arbitration award must be vacated because the arbitrator improperly extended Wright's first warning beyond twelve months when ordering the first warning to be held in Wright's file for one year following defendant's payment of backpay post-arbitration. In so contending, plaintiff notes the parties' collective bargaining agreement, under Article 27, prohibits the creation of a "new rule" without first informing members of the effective date and reason for the rule—apparently implying the arbitrator's decision either constitutes a new rule or otherwise extends the old rule governing the period for

which a warning remains on an employee's record. Conversely, defendant contends the twelve-month requirement has not, in fact, been violated because Wright's first warning only had potential cumulative effect upon the arbitrator's confirmation of that warning—in other words, the warning only took effect, and the clock first began to run, upon it being upheld by the arbitrator.

Plaintiff provides three reasons for vacating the arbitration award: (1) the arbitrator exceeded his authority by "ignoring the clear and unambiguous language" of the "CBA and Plant Rules" by "extending the time limit for written warnings"; (2) the arbitrator exceeded his authority by "ruling on an issue of extending the time limit for written discipline" though that "issue was never presented to the arbitrator at the hearing"; and (3) the arbitrator's decision to "extend the one-year limit on written warnings for a single disciplinary event" amounts to impermissible double jeopardy.

## II. ANALYSIS

### 1. Legal Standard Applicable to the Review of Arbitration Awards

This dispute regarding the parties' arbitration award is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 9-16, which established a highly deferential standard of review of an arbitrator's decision. *Moses H. Cone Mem. Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 24 (1983). The Court accords an "extraordinary level of deference" to the underlying award "because federal courts are not authorized to reconsider the merits of an arbitral award 'even though the parties may allege that the award rests on errors of fact or on misrepresentation of the contract.'" *Stark v. Sandberg, Phoenix & von Gontard, et al.*, 381 F.3d 793, 798 (8th Cir. 2004) (internal citations omitted); *see also Val-U Const.*

*Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 578 (8th Cir. 1998). Indeed, "arbitration awards should be construed, whenever possible, so as to uphold their validity." *Delta Mine Holding Co. v. AFC Coal Properties, Inc.*, 280 F.3d 815, 823 (8th Cir. 2001).

The FAA lists four narrow bases for vacating an arbitration award: (1) where the award was procedure by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceed their powers, or so imperfectly execute them, that a mutual, final, and definite award upon the subject-matter was not made. 9 U.S.C. § 10(a). In addition to these statutory grounds, the Eighth Circuit has recognized two "extremely narrow" non-statutory bases for vacating an arbitration award: where the award is "completely irrational" or where it "evidences a manifest disregard for the law" *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461-462 (8th Cir. 2001). In applying these bases, the Court is cautioned "not to set aside an award simply because [it] might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts." *Id*. "Rather, the contract must not be susceptible of the arbitrator's interpretation." *Id*.

2. **The Arbitrator Did Not Exceed His Authority by Ignoring the Language of the CBA and Plant Rules**

In its first point, plaintiff argues the arbitrator "impermissibly ignored the clear and unambiguous terms of the collective bargaining agreement and [defendant's] plant rules" when his decision acted to extend Wright's written warning to a period longer than twelve months. Plaintiff cites *Teamsters Local Union No. 688 v. Meridian Medical Technologies*, 2013 WL 171809 (E.D. Mo. Jan. 16, 2013) in support, which vacated an arbitration award that "failed to draw its essence from the parties' collective bargaining agreement." In *Meridian Medical*, the CBA at issue unambiguously required, prior to discharge, that the employer "give at least one warning notice of the complaint against such employee to the employee in writing" and also unambiguously provided "the warning notice as herein provided shall not remain in effect for a period of more than twelve (12) months from the date of said warning notice received." *Id*. at *4. In a separate set of administrative rules, the employer laid out a four-step policy of progressive discipline that was silent as to time limits for completion. *Id*. The Court found the arbitrator had erred when he concluded—without a basis in the language of either the CBA or administrative rules—that the four-step discipline policy had to occur within the same twelve-month period mentioned in the CBA. *Id*. at *4-5. The Court concluded "the parties' agreement simply does not allow for this interpretation" and, therefore, vacated the arbitration award. *Id*. at *5.

*Meridian Medical* does not support plaintiff's position, it harms it. Plaintiff suggests defendant's plant rules are "unambiguous" when they state that "warning notices will remain in effect for twelve months." But, such language is clearly lacking in clarity when compared to the CBA in *Meridian Medical*, which stated "the warning

5

notice as herein provided shall not remain in effect for a period of more than twelve (12) months *from the date of said warning notice received*." *Id*. at *4 (emphasis added). Plaintiff would have this court read the italicized language into defendant's plant rules. Indeed, plaintiff reads these rules to mean that the twelve-month clock begins immediately upon the issuance of a written warning. But, plaintiff provides no evidence to support such a reading through, for example, the past practices of defendant who—plaintiff could have been shown—discharged someone for cumulative written warnings in the same time period of a pending grievance process, thereby indicating the grievance process does not affect the running of the twelve-month clock.

As this Court sees it, there are at least three potential reading of the plant rules: as plaintiff argues, a written notice is effective on the date it is received; in a hybrid scenario, a written notice is effective on the date it is received but can only be acted upon if upheld by an arbitrator; or, as defendant argues, a written notice takes effect only after it is upheld by an arbitrator. Under the evidence presented, which lacks proof of the underlying intent of the clause at issue, none of these interpretations seem more conclusive than the others. That's because, ultimately, the language is not "unambiguous" as plaintiff urges; rather, the plant rules are silent as to the issue of the effective dates of the twelve-month probationary period. There being nothing expressly stated on the issue, it cannot be said that the arbitrator exceeded his authority by "ignoring" language that simply does not exist.

3. **The Arbitrator Did Not Exceed His Authority by Ruling on an Issue Outside of the Agreed-Upon Issues Presented to Him**

Plaintiff next argues that vacatur is proper because the arbitrator "rul[ed] on an issue of extending the time limit for written discipline under defendant's plant rules and this issue was never presented to the arbitrator at the hearing." The issue submitted to the arbitrator was "whether the [defendant's] decision to suspend [Wright] for violating [defendant's] Plant Rule III-S, was for proper cause, and, if not, what shall be (sic) the remedy be?" Foremost, as already explained, it is not clear that the arbitrator was "extending" any time limit for written discipline. Moreover, implicit in the issue presented to arbitration is the appropriateness or inappropriateness of a written warning imposed in conjunction with the subject-matter of the arbitration—Wright's suspension. The clause "what shall [the] remedy be"—triggered by the arbitrator initially finding Wright was not properly suspended—is broad enough to permit the arbitrator to fashion a remedy that may include, for example, a written warning in lieu of suspension. *See, e.g., Midwest Division-LSH, LLC. v. Nurses United for Improved Patient Care*, 720 F.3d 648, 651 (8th Cir. 2013) (stating that "when the parties stipulated that the issues submitted to an arbitrator included 'what shall the remedy be,' [a party] can hardly argue that the arbitrator 'acted outside his authority' in fashioning a remedy, unless that remedy was expressly prohibited by the [parties' agreement]"). Indeed, arbitrators do not exceed the scope of their arbitration submission so long as they "confine [themselves] to the areas marked out for consideration" generally. *See Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Northwest Airlines, Inc.*, 858 F.2d 427, 432-433 (8th Cir. 1988) (arbitration panel did not exceed its authority by imposing penalty, despite arbitration submission not requesting a penalty, where said penalty was necessary to ensure

compliance of the issues submitted to arbitration). The facts presented here do not indicate the arbitrator impermissibly travelled beyond the boundaries of the issues submitted to him.

### 4. The Arbitrator's Decision Does Not Amount to Double Jeopardy

For its third point, plaintiff argues the arbitrator's "decision to extend the one-year limit on written warnings for a single disciplinary event amounts to double jeopardy." Plaintiff appears to be invoking the doctrine of industrial double jeopardy, which only one federal court has ever considered in detail. *See Zayas v. Bacardi Corp.*, 524 F.3d 65 (1st Cir. 2008). In *Zayas*, it was noted that "the doctrine of industrial double jeopardy enshrines the idea that an employee should not be penalized twice for the same infraction." *Id*. at 69. This "doctrine" is suspect, however, because the Double Jeopardy Clause applies specifically to *criminal* penalties. *See Hudson v. U.S.*, 522 U.S. 93, 98 (1997). The so-called penalty plaintiff appears concerned with under this "doctrine"—even should it be considered—is the idea that Wright was vulnerable to the cumulative warning effect under defendant's disciplinary policies when his single warning served a double duration. But, as was already explained, plaintiff speculates that Wright's warning served a double duration; it is defendant's theory, as Wright's employer, that the grievance process forestalled the twelve-month clock applicable to cumulative warnings and, therefore, plaintiff was not actually exposed to progressive discipline while the grieving process was taking place. Plaintiff's mere speculation is insufficient to support the application of this doctrine.

### III. CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (#27) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment (#24) is **GRANTED**.

The arbitration award is hereby **CONFIRMED**.

So ordered this 26th day of October 2018.

                                                                      STEPHEN N. LIMBAUGH, JR.
                                                                      UNITED STATES DISTRICT JUDGE